Henry C. PREWITT, James C. Henry, and Margaret C. Prewitt, Appellants,

v.

Charles L. JOHNSON, City of Paris Board of Zoning Adjustments, Bourbon County Joint Planning Commission, J.C. Smart, Mabel Smart, and Charles Johnson Auto Sales, Inc., Appellees.

Court of Appeals of Kentucky.

May 23, 1986.

Henry C. Prewitt, Paris, for appellants.

James G. LeMaster, Paris, for appellee, City of Paris Bd. of Zoning Adjustments.

Robert J. McDaniel, Paris, for appellees, Charles L. Johnson, J.C. Smart, Mabel Smart and Charles Johnson Auto Sales, Inc.

Before HAYES, C.J., and COMBS and DUNN, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Bourbon Circuit Court, upholding a decision by the City of Paris Board of Zoning Adjustments [Board]. The Board's decision granted appellee Charles L. Johnson a nonconforming use permit to operate a used car lot.

In February of 1984, appellee Charles L. Johnson requested the Board to continue a nonconforming use permit for property at 203 East Main Street in Paris, Kentucky. The property lies in an R–3 residential zone, but was used as a service station and garage under a nonconforming use permit for the previous thirty-three years. Johnson sought to continue the permit in order to operate a retail used car business at the same location.

In March of 1984, the Board met to consider Johnson's application. Before the board entertained any evidence, the Planning Administrator advised Board members

of the applicable law and read them the statute regarding nonconforming uses.[1] That section reads as follows:

> The board of adjustments shall not allow the enlargement or extension of a nonconforming use beyond the scope and area of its operation at the time the regulation which makes its use nonconforming was adopted, nor shall the board permit a change from one (1) nonconforming use to another *unless the new nonconforming use is in the same or a more restrictive classification*[.]

The Planning Administrator opined that Johnson's "application for a continuation of the current non-conforming use permit to operate a retail used car lot is in the *same* classification, but not a more restrictive classification."

In contrast, appellant Henry C. Prewitt objected to continuing the nonconforming use permit, arguing that a retail used car lot is a less restrictive classification than a gasoline, repair and service station. Appellant primarily objected to the car lot's lighting, which illuminated neighboring lots all night long.

After further discussion the Board resolved to continue Johnson's nonconforming use permit subject to the following conditions:

1. That the premises be illuminated with lighting which is installed and shaded in such a manner as to light the sales lot and avoid it shining directly into the neighboring residences.

2. Vehicles be displayed no closer than 12 inches from the rear of the sidewalk.

3. That advertising on the lot be limited in accordance with the local sign ordinance to one free-standing sign and signs flat against the building, but no banners, streamers or gimmick advertising may be used.

Appellants challenged the Board decision in the Bourbon Circuit Court, arguing that under Kentucky law the new nonconforming use must be incidental to the former use, and that local ordinances require the Board to consider the effect of the new business on the surrounding neighborhood. The lower court recognized that KRS Chapter 100 and the Paris-Bourbon County Zoning Ordinance, § 3.84 [2] govern the Board's ability to grant a nonconforming use permit. After careful consideration, the lower court concluded that the Board's ruling was both legally sound and supported by substantial evidence of record.

By this appeal, appellants raise the same arguments which were considered and rejected by the lower court. First, appellants contend the lower court erred in holding that a property owner may change from one nonconforming use to a different use as long as the second use is in the same zoning category as the first use. Appellants' argument is refuted by the plain language of KRS 100.253(2) which states that the Board may permit a nonconforming use change if "the new nonconforming use is in the same or a more restrictive classification." The Board concluded that the automobile sales business was of the same classification as the automobile service station, so such use change was statutorily permissible.

Appellants also argue that any new nonconforming use must be merely incidental to the original use, and that the law favors phasing out nonconforming uses of property. Again, appellants' argument is refuted by the express language of the

---

**1.** KRS 100.253(2).

**2.** § 3.84 reads as follows: A non-conforming use may not be changed to any other non-conforming use except that, with the written approval of the Board of Adjustment, a non-conforming use may be changed to another nonconforming use of the same or a more restricted classification provided such changed use will not, in the opinion of the Board of Adjustment, change the character of the neighborhood or unreasonably detract from the enjoyment of value of other property in such neighborhood. The Board may impose such conditions to its approval as it feels may be necessary to preserve the character of the neighborhood and protect the value of other neighborhood property.

statute. KRS 100.253(2) clearly permits a nonconforming use to be changed to a different nonconforming use of the same or a more restrictive classification without requiring the new use to be incidental to the old use. If the Legislature intended to prohibit different successive nonconforming uses, or to phase them out entirely, we presume the statutory language would have said so.

█ Finally, appellants argue that the sole evidence of record establishes that the new use places an unacceptable burden on the neighboring property. We disagree with appellants' contentions. The Board specifically conditioned appellee's continuing use of the property on his removing the alleged burden from neighboring landowners. The Board's order requires appellee to use shaded lights, to locate his stock a minimum distance from the public sidewalk, and to restrict the use of signs and banners. Clearly, the Board had the right to grant such a conditional use permit by virtue of KRS 100.253 and the Paris-Bourbon County's zoning ordinance, § 3.84. We, too, conclude that the Board's ruling is both legally sound and supported by substantial evidence of record.

The judgment of the Bourbon Circuit Court is affirmed.

All concur.